## Shippen and Robbins's Appeal.

1. A mortgage was made by a wife with her husband of her separate estate ; the husband used the money for his own purposes exclusively, without accounting to her ; by deed, in which she joined, he assigned all *his* estate for creditors ; the wife died, having devised her estate to a son ; her land was sold under the mortgage, leaving a balance after its payment. *Held*, if the husband had any interest as tenant by the curtesy in the balance, the amount taken by him of the wife's money having been greater than such interest, her devisee was entitled to receive it, in preference to the husband's assignees.

2. The fund having come from her separate estate it would have been hers if living ; her right did not depend upon subrogation, but was a legal right to be enforced unless the claimant under the husband could show a superior title both in law and equity.

3. The "Carlisle Tables" are not authoritative in a judicial investigation of the value of a life interest ; in such investigation each case must depend on its own circumstances.

4. In this case the common-law rule of one-third the capital sum was adopted as the measure of the life interest.

January 19th 1876. Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Court of Common Pleas of *Montgomery county:*
No. 59, to January Term 1876.

The question in the proceedings in this case arose on the distri-
bution of the proceeds of the sheriff's sale of real estate formerly
of Amelia C. Platt, deceased, Benoni Lockwood being the terre-
tenant.  After payment of the mortgage debt for which the land
was sold, by agreement of the parties $4781.48 were paid to
Benoni Lockwood ; the remainder, $7000, was paid into court, and
B. E. Chain, Esq., was appointed auditor to report distribution.

The case as found by him, in two reports, is as follows :—

On the 30th of November 1864, Benoni Lockwood conveyed
to his mother, Amelia C. Platt, the wife of Clayton T. Platt, a
piece of land in Springfield township, Montgomery county, con-
taining about five acres ; the land was conveyed subject to a mort-
gage to secure the payment of $7500.  On the 20th of April
1867, Mrs. Platt, her husband joining with her, executed a mort-
gage on this land to Louis A. Godey, to secure the payment of
$12,000.  Part of this sum was applied to the payment of the
$7500 mortgage, &c., and the remainder, $4221, "was used by
Clayton T. Platt for his own purposes, no part thereof being appro-
priated for the use or benefit of Mrs. Platt or her real estate, nor
was any account ever rendered to her of the manner in which it
was expended."  On the 1st of November 1867, Platt and wife
executed to Edward Shippen and William B. Robbins an assign-
ment of all the estate, real and personal, " of him the said Clayton
T. Platt, without any reservation or restriction of any kind," for
the payment of Platt's debts.  The deed contained the proviso :—

" That nothing herein contained shall be deemed to convey,
assign, transfer or in any manner affect the title and estate of her,
the said Amelia C. Platt, in and to all that certain parcel of ground,
with the improvements thereon erected, situate in the township of
Springfield, in Montgomery county * * * (the premises above
mentioned as conveyed by Lockwood), which premises she, the said
Amelia C. Platt, claims to hold as her separate estate."  Mrs.
Platt died May 20th 1871, having made a will, dated May 3d
1869, by which she gave all her estate of every kind to her son,
Benoni Lockwood, and appointed him the executor of her will.
Clayton T. Platt, on the 2d of January 1874, conveyed all his in-
terest in the Springfield property to Lockwood.  To September
Term 1874, under a levari facias on the Godey mortgage, the land
was sold by the sheriff for $24,200.  After the payment of the
mortgage and costs, the balance remaining was $11,736.40 : at
the date of the sheriff's sale, Clayton T. Platt was fifty-five years
of age ; according to the Carlisle Tables, the value of his life in-
terest in that sum was $6534.60.

[Shippen and Robbins's Appeal.]

The assignees of Platt claimed that at the date of the assignment, he had an estate by the curtesy in the land, which estate passed to them by the assignment; that his wife being dead at the time of the sale, and his curtesy estate therefore consummate, they were entitled to the sum at which his life interest was so valued; the $7000 were therefore paid into court to await the determination of this question.

The auditor, in a well-considered and elaborate report, held, that Platt had such an interest in his wife's land as would pass by his deed of assignment; that by the assignment this interest actually passed, notwithstanding the proviso reserving Mrs. Platt's separate estate in the land; and that the assignees were not entitled to receive the sum at which Platt's life interest was valued, but only the interest during his life of the balance of the purchase-money.

After the coming in of this report, Lockwood presented a petition setting out the conveyance to Mrs. Platt, the mortgage to Godey, &c.; the petition proceeds:— * * *

" Your petitioner is informed and believes, and expects to be able to prove, that the said Amelia C. Platt united with her husband in the said mortgage solely for the purpose of raising money for the payment of his debts and answering his necessities, and that the whole of the balance of the said sum of $12,000, which remained after paying the said mortgage of $7500, and the interest on the same, went to the payment of his debts and answering his necessities, and no part of it went to her use or benefit.

" And your petitioner further says, that he did not acquire the information and knowledge that his mother joined in the mortgage solely for the purpose above mentioned, and that the balance above mentioned went to the payment of Clayton T. Platt's debts and answering his necessities, and that no part of it went to his mother's use or benefit, until after the filing of the auditor's report in the above case. * * * He is advised that the said Amelia C. Platt, to the extent of the balance of the said sum of $12,000, after paying the said mortgage of $7500, with the interest due thereon, stood as a surety for the said Clayton T. Platt, and that the same having been raised out of his inheritance by the sheriff's sale in the above case, your petitioner is entitled to have the proceeds of the said Clayton T. Platt's life estate in the mortgage premises applied to his reimbursment, or to such other relief as equity will allow.

" He respectfully prays your honors to recommit the case to the auditor appointed to distribute the funds in the above case, for the purpose of taking evidence and reporting upon the aspect of the case presented by the facts that may be proved before him."

Exceptions also to the report were filed by both parties.

Judge Ross concluded his opinion, saying:—

[Shippen and Robbins's Appeal.]

" We approve of the action of the auditor in refusing to calculate the value of the life interest upon the basis of the Carlisle Tables, and pay it out of the fund ; and did we agree with his conclusions upon the first branch of the case we would confirm his report, with one modification, and that is, we should appoint a trustee to hold the fund and pay the interest annually to the assignees during the life of the assignor.

" It is proper to say further, that if we had reached a different conclusion we should again have referred the case to the auditor upon the petition filed with that prayer, for if this estate was pledged for the debts of Mr. Platt, it may be that Mrs. Platt's devisee might have an equity against the fund."

The court ordered that "the report be recommitted to the auditor to distribute in accordance with this opinion."

By his second report the auditor found the facts as to the appropriation by Platt of the money received on Godey's mortgage as heretofore stated, and decided that, from the facts, Amelia C. Platt, to the extent of at least $4221, part of the said $12,000, was a creditor of her husband, and by joining in the mortgage of her separate estate for her husband's debts she became entitled to all the rights of a surety as against her husband.

Without deciding whether this would be a defence to the claim of Platt's assignees, he awarded the fund in court—$6755.50— after deducting the expenses of the audit, to Benoni Lockwood, in accordance with the opinion of the Court of Common Pleas.

Exceptions were filed to this report by the assignees of Platt; they were dismissed by the court, the report confirmed, and the fund ordered to be paid to Benoni Lockwood, devisee and legatee of Amelia C. Platt.

The assignees appealed to the Supreme Court, and assigned for error :—

1. Awarding the fund in court to Benoni Lockwood.

2. Deciding that Platt's curtesy did not pass by his assignment to the defendant.

3. Deciding that the appellants, if successful, were entitled only to the income of the fund in court, and would receive the same through the intervention of a trustee.

*A. T. Freedly* and *W. H. Rawle* (with whom was *G. R. Fox*), for appellants.—The Carlisle Tables have been recognised as a rule for fixing the value of life estates: Mills *v.* Catlin, 22 Vermont 106 ; Williams's Case, 3 Bland Chan. (Md.), 221 ; Bank *v.* Hogendobler, 4 Id. 372. If Mrs. Platt has the right to be reimbursed, she must come in with other creditors : 2 Story's Eq. Jur., sect. 1373.

*J. Boyd* and *P. McCall*, for appellee.—Where wife joins with her husband in a mortgage of her estate for his benefit, she stands

[Shippen and Robbins's Appeal.]

as his surety: Sheidle v. Weishlee, 4 Harris 134; Miner v. Graham, 12 Id. 491; Clancy on Rights of Married Women, 589; Niemcewicx v. Gahn, 3 Paige C. R. 614; Parteriche v. Powlet, 2 Atk. 383.

If husband has a mortgage upon his estate and wife joins witn him in charging her own, if she survives him, though her estate is liable to the mortgagee, it shall be looked upon only as a pledge, and she is entitled to stand in the place of the mortgagee, and to be satisfied out of her husband's estate: Agiular v. Agiular, 5 Madd. 415. The value of the life of estate should not be more than one-third of the principal sum: Dennison's Appeal, 1 Barr 201.

Judgment was entered in the Supreme Court, February 7th 1876,

PER CURIAM.—The fund in court represents the title and estate of Amelia C. Platt in the property sold. It arises from a sheriff's sale under a mortgage given by her in her lifetime, when she was fully competent to dispose of her own estate in the mode prescribed by law. Her right, or that of her legal representatives, to the residue of the fund after payment of the mortgage debt is therefore a legal right to be enforced unless a better title can be shown. It is claimed such exists here in a derivative estate by the curtesy of her husband, preserved to him under the Acts of 1848 and 1855. The wife having, with the consent of her husband, who joined in the mortgage, exercised her superior right of property, by mortgaging the whole estate, including his curtesy interest, the joint act of both, followed by a sheriff's sale under the mortgage, it might be a question whether the curtesy of the husband is not wholly extinguished. It is unnecessary, however, to decide this, as his curtesy, if it survived the mortgage and sale, is clearly subordinate to her rights, and he having received out of the mortgage money a greater sum than his curtesy in the residue of the fund would amount to, he cannot claim any part of the fund to the prejudice of her estate. The auditor finds that he received out of the mortgage the sum of $4221. This is greater than the sum to which his curtesy would be entitled under the common-law rule, allowing one-third of the capital of the whole fund as representing the accumulated interest of the fund for his lifetime. The sum in court remaining after satisfying the mortgage and expenses, was, $11,736.10, of which one-third is $3612.03. The auditor has found all the facts necessary to a conclusion. Had Mrs. Platt been alive when the sheriff's sale was made, no one would dispute her right to the money, under the force and effect of the Married Woman's Act of 1848, to the exclusion of her husband. Being the owner of the fund, her claim is primary at law, and not merely in equity. Supposing that the curtesy estate survived the joint mortgage and sheriff's sale, still her representatives would be entitled to assert

[Shippen and Robbins's Appeal.]

her superior claim to the fund, to the extent of the sum received by the husband out of the mortgage. The money so raised was hers, not his. The conversion was by her lawful act, in the exercise of her superior title, and was with his consent. The case, therefore, does not depend on subrogation—on a mere equity, but the claimant under the husband must show a superior title to the fund both in law and equity. In this view of the case it is unnecessary to decide between the title of the assignees under their deed, and · that of Benoni Lockwood, under his deed. The latter is entitled to claim under the will of Mrs. Platt.

As to the measure of the life estate of Clayton T. Platt, we may add that the Carlisle Tables are not authoritative. They answer well their proper purpose, to ascertain the average duration of life, so as to protect life insurers against ultimate loss upon a large number of policies, and thereby to make a profit to the shareholders. But an individual case depends on its own circumstances, and the relative rights of the life tenant and remainderman are to be ascertained accordingly. A consumptive or diseased man does not stand on the same plane as one of the same age in vigorous health. Their expectations of life differ in point of fact. A court, therefore, must ascertain the actual probable expectation of life of the party as he is, or must adopt some recognised approximate standard as its legal measure, in order to capitalize the interest he is entitled to for life. In this case the Carlisle Tables, it is said, would give the value of the life estate, or capitalized interest at $6534.60, leaving the fee simple estate worth but $5202. The dantisproportion is quite manifest. We are, therefore, disposed to take the old common-law rule of one-third of the whole sum, as the present value of the accumulated interest for the life of Clayton T. Platt. This gives a sum several hundred dollars less than that received by him out of his wife's mortgage-money.

Decree affirmed with costs, and the appeal dismissed.