## Schmalzle's Petition

*Ira A. LaBar*, for petitioner.
*Dorothy E. Stroh*, contra.

SHULL, P. J., August 4, 1936.—The question presented to us for determination is whether a remainderman whose

interest in a tract of land is an undivided one half, which tract is subject to a life estate, may, by paying to the county treasurer one third of the taxes, together with one third of the costs, one third of the 25 percent penalty, and one third of all taxes paid by the purchaser subsequent to the tax sale, redeem his interest in the land which was sold at tax sale.

The facts in this case have been agreed upon by the parties and are as follows:

1. Josephine Johnson was the owner subject to the life estate of Abbie Wills of a one-half interest in the land in question.

2. The land was regularly sold for unpaid taxes by the treasurer of Pike County, Pa., to George Schmalzle and Beatrice Schmalzle, his wife.

3. Josephine Johnson paid to the treasurer of Pike County one third of the taxes, costs, penalty, and taxes subsequent to tax sale, which had been paid by Beatrice Schmalzle, and in consequence of that payment redemption was endorsed upon the records by the county treasurer.

Under the law, any person having a legal or equitable interest in land sold at tax sale may redeem: Act of March 9, 1847, P. L. 279, sec. 3, as amended by the Act of July 12, 1935, P. L. 665 (but it must be the entire proportionate part or interest of the party redeeming) ; by paying to the county treasurer a proportionate part of the taxes, costs, and penalty equal to the proportion that the interest of the party redeeming bears to the whole tract of land. This brings us to the crux of this situation, viz.: Is the payment of the one third of the taxes, interest, and costs sufficient, under the law, to redeem the interest of this remainderman?

Under the ruling of our Supreme Court in the case of Shippen & Robbins' Appeal, 80 Pa. 391, and again in Datesman's Appeal, 127 Pa. 348, the value of a life estate is fixed at one third the value of the property, and this has long been the rule. This being true, the value of the

interest of the two remaindermen would be the remaining two thirds, and the interest of either of them one third, of the value of the property. The payment of that proportion of the taxes, etc., is, under the law, sufficient to redeem the interest of the remaindermen so paying them to the county treasurer.

And now, August 4, 1936, the rule to show cause why the redemption of a one-third interest in the property assessed in the name of Abbie Wills, in the petition on which this rule was issued particularly described, should not be struck off by Frances Josephine Johnson is discharged at the cost of the petitioner.